**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| Craig Timothy Earnhardt | ) | CASE NO. 09-52223 |
| Sherry Lynn Earnhardt | ) | |
| | ) | |
| Debtors | ) | |
| _____ | ) | |

**ORDER AND OPINION DENYING REAFFIRMATION AGREEMENT**

This case came before the court on February 10, 2010, pursuant to Section 524 of

the Bankruptcy Code, for consideration of a reaffirmation agreement between the above-

referenced debtors (the "Debtors") and CitiFinancial Auto, Ltd. (the "Creditor") and to

show cause as to why the reaffirmation agreement should not be stricken as a result of a

failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure.  Amy

S. Davis appeared on behalf of the Debtors.  The Debtors sought to reaffirm a debt in the

amount of $10, 998.21, which debt is secured by a 2002 Toyota Tundra, VIN Number:

5T88T48172S256844

The reaffirmation agreement was filed with the Court on January 26, 2010, and

was therefore not filed with the Court within sixty (60) days after the first date set for the

Section 341 meeting of creditors as required by Bankruptcy Rule 4009(a).  The Debtors

filed their bankruptcy petition on October 29, 2009, and on the same date filed their

statement of intentions indicating that they intended to retain their 2002 Toyota Tundra

and reaffirm their debt with the Creditor. Upon reviewing the agreement, the record in

this case, and the arguments presented at the hearing, the Court finds that the Debtors

properly filed their statement of intention indicating that they wanted to reaffirm the debt,

as required by Section 524(c) , and further, the Debtors took all reasonable steps to perform their intention with respect to such property pursuant to Section 521(a)(2).

It is therefore ORDERED that the reaffirmation agreement between the Debtors and the Creditor, filed on January 26, 2010, is stricken and will not be approved by the Court as the reaffirmation agreement was filed with the Court beyond sixty (60) days, as required by Bankruptcy Rule 4008(a).  Further, since the Debtors timely complied with the requirements of Section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, the Court finds that (1) the automatic stay remains in effect, (2) the vehicle remains property of the estate pursuant to Section 521(d) that would give it effect have not been met, so long as the Debtors remain current in their payments on the property.  See Coastal Federal Credit Union v. Hardiman , 398 B.R. 161, 189 (E.D.N.C. 2008); In re Husain, 364 B.R. 211, 219 (Bankr. E.D. Va. 2007); In re Hinson, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

Parties to be served

09-52223

Michael West BR Administrator
PO Box 1828
Greensboro, NC 27402

W. Joseph Burns, Trustee
PO BOX 21433
Winston-Salem NC 27120-1433

Esten Goldsmith
PO Box 1264
Concord, NC 28026

Craig and Sherry Earnhardt
528 Glover Road
Salisbury, NC 28146

CitiFinancial Auto
PO Box 3449
Coppell, TX 75019